**UNITED STATES of America,**

v.

**Charles F. MAYNARD, Defendant–Petitioner.**

Civ. No. 96–cv–00830.
Crim. No. 93–0255–01.

United States District Court,
District of Columbia.

July 11, 1996.

Santha Sonenberg, Federal Public Defender for D.C., Washington, DC, for Charles F. Maynard.

**OPINION**

SPORKIN, District Judge.

This matter comes before the Court on Defendant–Petitioner Charles Maynard's mo-tion under 28 U.S.C. § 2255 to vacate his guilty plea to a charge of violating 18 U.S.C. § 924(c)(1). Section 924(c)(1) imposes a mandatory 60 month sentence for using or carrying a firearm while committing a drug trafficking crime.[1] Defendant-petitioner argues that the Supreme Court's recent decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), makes clear that § 924(c)(1) does not apply to the facts underlying Mr. Maynard's plea.

**BACKGROUND**

On July 29, 1992, Charles Maynard was arrested after he gave an undercover agent of the Drug Enforcement Agency a small quantity of heroin in exchange for a Glock 9 millimeter semi-automatic pistol. On July 13, 1993, Mr. Maynard pled guilty to knowingly using and carrying a firearm during and in relation to a drug trafficking crime under 18 U.S.C. 924(c)(1). In exchange for this plea, the government dropped the two remaining counts pending against Mr. Maynard: (1) possession with intent to distribute; and (2) distribution of heroin. On November 2, 1993, this Court sentenced Mr. Maynard to 60 months of incarceration and three months of supervised release.

On December 6, 1995, the Supreme Court issued its decision in *Bailey,* adopting an "active-employment" standard for conviction for "use" under § 924(c)(1). *Bailey,* at ——, 116 S.Ct. 501. Specifically, the Supreme Court held that in order to support a conviction under the "use" prong of § 924(c)(1), the evidence must show more than mere possession and demonstrate "an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." *Id.* at ——, ——, 116 S.Ct. at 505, 506. Mr. Maynard now contends that *Bailey* has altered the interpretation of § 924(c)(1) enough to

---

1. Section 924(c)(1) reads, in relevant part, as follows:

Whoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such crime ..., be sentenced to imprisonment for five years ... 18 U.S.C. § 924(c)(1).

render his plea insufficient as a matter of law.

## ANALYSIS

 In ruling on a § 2255 motion, this Court must re-examine Mr. Maynard's plea in light of any subsequent interpretive changes in the substantive criminal law. *See United States v. McKie,* 73 F.3d 1149 (D.C.Cir.1996), *Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974).

 At the time of Mr. Maynard's plea, controlling case law made clear that § 924(c)(1) covered transactions in which drugs are bartered for a weapon. In *United States v. Harris,* for example, the United States Court of Appeals for the District of Columbia ruled that the "use" provision of § 924(c)(1) was satisfied if "... the circumstances of the case show that the firearm facilitated or had a role in the crime." *United States v. Harris,* 959 F.2d 246 (D.C.Cir. 1992).[2] In this case, the firearm in question clearly played a key "role in the crime" since Mr. Maynard received the firearm as payment for the heroin he sold.

In another case, decided just weeks before Mr. Maynard entered his plea, the Supreme Court held that trading guns for drugs falls under the "use" provision of § 924(c)(1). *Smith v. United States,* 508 U.S. 223, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993). While the defendants in *Smith* received drugs for their firearms rather than receiving a firearm for drugs as happened in this case, the opinion provides support for the proposition that § 924(c)(1) applies to transactions where guns and drugs are bartered.[3]

The Supreme Court's *Bailey* decision does not disturb the holdings of *Smith* or *Harris. Bailey* expressly states that § 924(c)(1) applies to cases involving barter-ing. Specifically, *Bailey* holds that "[t]he active-employment understanding of 'use' certainly includes brandishing, displaying, *bartering,* striking with, and most obviously, firing or attempting to fire, a firearm." *Bailey,* —— U.S. at ——, 116 S.Ct. at 507 (*emphasis added* ).

In short, Mr. Maynard's plea was valid at the time it was entered, and there has been no subsequent change in the law which renders the plea invalid. As a consequence, the Court finds no grounds for vacating Mr. Maynard's guilty plea. Accordingly, Defendant–Petitioner's motion will be denied.

---

2. *Harris* involved a transaction similar to the one at issue here. In that case, Mr. Harris and his co-defendant received ten MAC–10 machine guns in exchange for cocaine.

3. The Court does not find it significant that Mr. Maynard received a gun in exchange for drugs, rather than drugs in exchange for a gun. Indeed when the Court indicated some concern at Mr. Maynard's plea, the Court was assured that the *Smith* case was clear precedent for this aspect of Mr. Maynard's plea. (Tr. at 11–14 (July 13, 1993).)